John Storer and Lawrence P. Conover, Appellees, v. Richard A. Morley, Appellant.

Gen. No. 18,841.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

## Statement of the Case.

Action by John Storer and Lawrence P. Conover against Richard A. Morley for damages for failure of the latter to carry out the terms of a contract between the parties, under which he agreed to resell within a fixed time at a certain net profit certain lands purchased by the plaintiffs. Plaintiffs recovered a verdict for $10,000, from which they remitted $4,000, and from a judgment in their favor for $6,000, defendant appeals.

The contract referred to was as follows:

"WHEREAS, said party of the first part has entered into a contract, dated March 2, 1908, with the trustees of the Maxwell Land Grant for the purchase of a certain tract of land therein more particularly described, and situate in Colfax County, New Mexico, * * * containing 20,000 acres, more or less, and

WHEREAS, the first payment on said contract in the sum of $10,000 has become due, and said parties of the second part, in consideration of the conveyance to them of a portion of said land as hereinafter more particularly described, have agreed to make such payment at the time and in the manner hereinafter described.

NOW, THEREFORE, it is mutually understood and agreed as follows:

*First.* Said parties of the second part agree to pay to the said trustees of the Maxwell Land Grant upon said contract between said trustees and said party of

the first part the sum of $10,000, to-wit: $1,000 at the time of the execution and delivery of this contract, and the balance of $9,000 on or before April 10th, 1908, such last payment to be made by depositing said sum with the Commercial National Bank of Chicago, to the credit of the San Miguel National Bank of East Las Vegas, and notifying said last named bank of such deposit.

*Second.* Said party of the first part in consideration of said payments hereby agrees to convey or cause to be conveyed to said parties of the second part *on or before four months from the date hereof* * * * 2,000 acres of the land described in the contract between the said party of the first part and said trustees, * * * said 2,000 acres to be selected by said parties of the second part within 20 days after notice in writing from said party of the first part notifying said parties of the second part to make such selection.

*Fourth.* Said parties of the second part *may* make a selection of said land at any time hereafter, * * *.

*Sixth.* Said party of the first part *hereby further agrees that within six months* from the date hereof *he will sell* the 2,000 acres above described for said parties of the second part at a net price to said parties of the second part of $8 per acre, *provided, however,* that said parties of the second part *may, if they so elect,* notify said party of the first part in writing of their desire to withdraw said land from the market, in which case the authority of the said party of the first part to sell said land shall terminate at the end of ten days from the receipt of such notice, and the said party of the first part shall be relieved and discharged of all *obligation* to sell said land as above set forth or otherwise.

*Seventh.* It is understood and agreed that any notice herein required to be given may be given by mailing the same, postage prepaid, addressed in the case of the said party of the first part to such party by name at East Las Vegas, New Mexico, or in case the parties

of the second part by mailing duplicate notices, one to John Storer, Room 1110, 92 State street, Chicago, Illinois, and one to Lawrence P. Conover, 804 Tacoma Building, Chicago, Ill.

This contract shall be binding upon and inure to the benefit of the parties hereto, their heirs, executors, administrators and *assigns.*"

Underneath the signatures and seals of the parties to the agreement, as the same was introduced in evidence, appear two instruments in part as follows:

"The lands selected under and as provided in the foregoing agreement are:

All of Sections 8 and 9 and such portion of Section 7 as lies east of  *  *  *,  and so much of the south portion of Section 4 necessary to make up the total area of 2,000 acres. All of this land located in Township 29 North, Range 23 East.  *  *  *

(Signed) RICHARD A. MORLEY.
(Signed) JOHN STORER.
(Signed) LAWRENCE P. CONOVER.'

The undersigned Trustees of the Maxwell Land Grant having received from John Storer and Lawrence P. Conover, parties to the foregoing agreement, the sum of $1,000 on account of the contract between the undersigned and Richard A. Morley, dated March 2, A. D. 1908, of certain lands in Colfax County containing twenty thousand (20,000) acres, more or less, hereby extend the time in which the balance of $9,000 on the first payment under said contract shall be made until April 10, 1908, and hereby agree that in case said balance  *  *  * is paid on or before said date by said John Storer and Lawrence P. Conover, or either of them, and in case said Richard A. Morley shall default in making the second payment of $15,000 due under said contract between the undersigned and said Morley, the undersigned will either return said $10,000 to said John Storer and Lawrence P. Conover or convey to them by a good and sufficient deed free and clear from all incumbrances the 2,000 acres of land to be

selected by them under the terms of the foregoing contract.

In testimony whereof, the undersigned have hereunto set their hands and seals this 21st day of March, A. D. 1908.

(Signed) J. VAN HOUTEN    (Seal),
    Vice Pres. for Trustees of the Maxwell Land
        Grant.
(Seal of the Board of Trustees of the Maxwell Land
    Grant.)
                        J. M. CUNNINGHAM, Sec'y.''

ROBERT J. FOLONIE, for appellant; JULIUS A. JOHNSON, of counsel.

JOHN SCHWENDER, for appellees; FREDERICK A. BROWN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 65*—*how contract containing resale clause construed.* Contract between a vendor and purchaser construed as imposing an obligation upon the vendor to sell the land for the purchaser at a profit within the time fixed in the contract, and not as creating a mere agency authorizing the former to sell the land for the latter.

2. VENDOR AND PURCHASER, § 340*—*when action for damages lies for breach of resale clause in contract.* Where, as part of a contract for the purchase of land, the vendor agreed to resell the land for the purchaser at certain net profit within a fixed time, failure of the vendor to carry out the contract as to such provisions entitles the vendee to maintain an action for damages for such breach.

3. VENDOR AND PURCHASER, § 340*—*what not a waiver of breach of resale clause in contract.* Where, in a contract for the sale of land, the vendor agreed to deliver a deed to the premises by a certain time, and agreed to resell the land at a certain net profit to the vendee within a fixed time, the acceptance by the vendee of a deed after the expiration of the period during which the vendor agreed to resell the land does not waive the vendee's right of action

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

for failure of the vendor to carry out the provisions of the contract as to resale.

4. Vendor and purchaser, § 340*—*when tender of conveyance not essential to action for damage by vendee.* Where the vendor in a contract for the sale of land agreed to resell the same within a certain time at a certain net profit to the purchaser it is not essential that the latter tender a deed to the premises to the vendor before maintaining an action for damages for failure to carry out the contract.